# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

In re:

ROBERT HANFORD DALTON

                Debtor.


CITY OF LAS VEGAS, NEW MEXICO

                Appellant.

v.                                                                                    Civ. No. 01-733 BB/LFG
                                                                                     Bankr. D.N.M. 7-92-14287-SS
                                                                                      (Chapter 7)

CHRISTOPHER J. REDMOND, TRUSTEE

                Appellee.


## MAGISTRATE JUDGE'S ANALYSIS AND RECOMMENDED DISPOSITION ON BANKRUPTCY APPEAL[1]

      This matter is before the Court on an appeal[2] by creditor/Appellant City of Las Vegas, New Mexico ("City") from the United States Bankruptcy Court's Memorandum Opinion granting partial

---

[1] Within ten (10) days after a party is served with a copy of these findings and recommendations, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such findings and recommendations. A party must file any objections with the Clerk of the U.S. District Court within the ten-day period allowed if that party wants to have appellate review of the findings and recommendations. If no objections are filed, no appellate review will be allowed.

[2] The City elected to have its appeal heard by this Court instead of the Bankruptcy Appellate Panel pursuant to 28 U.S.C. § 158(c)(1) and Rule 8001(e) of the Federal Bankruptcy Code.

1

summary judgment[3] to Trustee/Appellee Christopher J. Redmond ("Redmond"). *In re* Dalton, No. 7-92-14287 SS (Bankr. D.N.M. June 12, 2001) ("June 12 Opinion"). The bankruptcy court's June 12 opinion granted summary judgment in favor of Redmond on the ground that the City's liens for services performed before December 8, 1988, related to debtor Robert Hanford Dalton's ("Dalton") properties in the Las Vegas area, were barred by a four year statute of limitations. (June 12 Opinion at 9.) The City's appeal argues that the bankruptcy court erred in granting summary judgment in favor of Redmond for the Estate of Dalton on a number of grounds. After conducting a *de novo* review, and for the reasons set out below, the United States Bankruptcy Court's order granting partial summary judgment in favor of Redmond is affirmed.

## *Background*

Between 1980 and 1985, the City provided a number of municipal services for various properties owned by Dalton in the Las Vegas area, including sewer, sanitation, utility, and nuisance removal. Dalton failed to pay his sewer, refuse and nuisance abatement bills, even though the City serviced the properties. (June 12 Opinion, undisputed facts at pp. 1-3.) It is unclear why Dalton did not pay his bills, but he claims that he disputed some or all of the bills. [Appellee's Brief, Doc. 12, at p. 21.] The City filed a total of fourteen (14) liens between 1981 and 1984 for services provided to Dalton's properties. (June 12 Opinion, undisputed facts at pp. 1-2.) The amount of

---

[3]The underlying motion for partial summary judgment related to some, but not all, of the claims the City had asserted against Dalton's estate. After partial summary judgment was granted in favor of Redmond, the parties stipulated as to the judgment on most of the remaining debt and agreed to discuss a separate sum in settlement proceedings. The parties also agreed that the City could appeal the partial summary judgment. [City's Brief in Chief, Docket No. 6 at p. 6.]

money for the services provided by the City during this period of time[4] is approximately $26,000. (Memorandum in Support of Trustee's Motion for Partial Summary Judgment, Ex. 15.) However, the City took no action to foreclose these liens for approximately eight years, or until it filed its first proof of claim against the bankruptcy estate in 1993.[5] The City concedes that it was "partially at fault for not immediately filing liens and then foreclosing upon them", but alleges that "Dalton made that difficult in part because he failed to record his property transactions which limited the City's ability to properly identify and bill his lands." [Doc. 6, at p. 21.]

On December 8, 1992, Debtor filed a voluntary petition under Chapter 13 of the Bankruptcy Code. On January 27, 1993, the City filed a proof of claim. On April 23, 1993, Dalton converted his case to Chapter 7 of the Bankruptcy Code. On July 14, 1993 and on October 9, 1998, the City filed amended proofs of claim. On January 21, 1999, Redmond objected to the City's amended proof of claim, raising the statute of limitation bar for debts on services provided before December 8, 1988. At the time of Dalton's bankruptcy petition (and continuing as of June 12, 2001), the debtor's assets exceeded his liability by more than one million dollars. Dalton owns a large number of the many historic buildings in Las Vegas. (June 12 Opinion, undisputed facts at pp. 1-3.) According to the City, Dalton routinely neglects these historic buildings, sometimes to the point that safety hazards exist. [Doc. 6.]

---

[4] The Agreed Order Allowing Las Vegas' Proof of Claim, filed June 18, 2001, resolved charges and liens in the amount of $25,000 that had accumulated after June 8, 1988 through May 31, 2001. The exception was the sum of $5,426.02 that remained in dispute and was to be addressed in settlement proceedings. Although the City's Notice of Appeal [Doc. 1], asserts that the City is appealing "the final judgment and summary judgment order" . . . entered June 18, 2001, the briefing makes clear that the City actually is appealing the June 12 Opinion granting Redmond partial summary judgment.

[5] The City asserts that it has brought ten nuisance suits against Dalton over the last fifteen years. [Appellant's Reply, Doc. 13 at p. 11].

## *Standard of Review*

The standard for reviewing a bankruptcy court's grant of summary judgment is *de novo,* affording no deference to its decisions on questions of law. *In re* Western Pacific Airlines, Inc., 273 F.3d 1288, 1290-91 (10th Cir. 2001) (*citing* Woodcock v. Chem. Bank, 144 F.3d 1340, 1342 (10th Cir. 1998), *cert. denied*, 525 U.S. 1075, 119 S.Ct. 811 (1999); Key v. Liquid Energy Corp., 906 F.2d 500, 505 (10th Cir. 1990)). A bankruptcy court's findings of fact will be rejected only if they are clearly erroneous. Tulsa Energy, Inc. v. KPL Prod. Co. (In re Tulsa Energy, Inc.), 111 F.3d 88, 89 (10th Cir. 1997). Here, however, the parties do not challenge any of the factual findings of the bankruptcy court.[6] (*See* June 12 Opinion and Doc. No. 6.) The City argues, instead, that the bankruptcy court incorrectly applied the summary judgment standard. [Doc. 6, at p. 5.] Under Fed. R. Bank. P. 7056, Rule 56 of the Federal Rules of Civil Procedure applies with respect to summary judgment.

Rule 56(c) provides that summary judgment will be granted if "there is no genuine issue as to any material fact. . . ." Once the moving party meets its burden, the party opposing the motion must come forward with specific facts, supported by admissible evidence, which demonstrate the presence of a genuine issue for trial. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-49, 106 S. Ct. 2505, 2510 (1986); Biester v. Midwest Health Servs, Inc., 77 F.3d 1264, 1266 (10th Cir. 1996). The party opposing the motion may not rest upon the mere denials of his pleadings to avoid summary judgment, nor will argument or contention suffice. Fed. R. Civ. P. 56(e); Bacchus Indus.,

---

[6]The City concludes on its Table of Contents page of its brief-in-chief that the Bankruptcy Court "erred as a matter of law and as a matter of fact. . . ." However, the City does not identify any undisputed facts set forth in the June 12 Opinion that it contests. The June 12 Opinion commented that while some of the undisputed facts might be challenged as irrelevant, they did not appear to be disputed. (June 12 Opinion at p. 1, fn. 1and 2.)

Inc. v. Arvin Indus., Inc., 939 F.2d 887, 891 (10th Cir. 1991). A party opposing the motion must submit evidence by way of affidavit, answers to interrogatories, admissions, deposition testimony, documents or other admissible evidence to demonstrate the presence of a factual dispute on a material issue. Fed.R.Civ.P. 56(e).

"The mere existence of a scintilla of evidence in support of the nonmoving party's position is insufficient to create a dispute of fact that is 'genuine.'" Lawmaster v. Ward, 125 F.3d 1341, 1347 (10th Cir. 1997). Summary judgment is appropriate only if there not sufficient evidence favoring the nonmoving party for a reasonable jury to return a verdict for that party. Anderson, 477 U.S. at 249, 106 S. Ct. at 2511. Thus, the Court's inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." Id., at 251-52, 106 S. Ct. at 2512. In considering a motion for summary judgment, the Court construes the factual record and the reasonable inferences therefrom in the light most favorable to the party opposing the motion. Perry v. Woodward, 199 F.3d 1126 (10th Cir. 1999), *cert. denied,* 529 U.S. 1110, 120 S. Ct. 1964 (2000).

## *Discussion*

### **Four-Year Statute of Limitations Bars the Claims at Issue**

The Court must analyze state law to determine the validity of a creditor's claim against a bankrupt estate. *In re* Valdez, 136 B.R. 874, 876 (Bankr. D.N.M. 1992). Article 36 of the New Mexico Statutes Annotated governs the issuance of the municipal liens at issue here. NMSA 1978 §§ 3-36-1, *et seq.* (1995 Repl.). Those statutory provisions, however, do not include any limitations period for foreclosing a municipal lien. NMSA 1978 § 3-36-4. Section 3-36-6, that is captioned "[s]pecial alternative procedure for the foreclosure of municipal liens by action in rem", refers to a

5

statute of limitations but does not specify a limitations period. NMSA 1978 § 3-36-6(A)(2); § 3-36-6(D). Although this proceeding is not an action in rem, the fact that a portion of the municipal lien legislation refers to a statute of limitations, supports the view that municipal liens are governed by *some* limitations period, rather than none whatsoever as the City argues.

Moreover, the New Mexico Attorney General responded in the affirmative to the question of whether there was "any statute of limitations covering the filing of [a utility] lien in relationship to the date the delinquency accrues". N.M. Att'y Gen. Op. No. 59-128 (1958-59).[7] In that opinion, the Attorney General stated that he was unable to locate any specific statute of limitations for the payment of utility bills but believed that the following statute of limitations applied:

> [t]hose founded upon accounts and unwritten contracts; those brought for injuries to property or for the conversion of personal property or for relief upon the ground of fraud, and all other actions not herein otherwise provided for and specified within four [4] years.

Id. (*citing* NMSA 1953 § 23-1-4). NMSA 1953 § 23-1-4 later was recodified at NMSA 1978 § 37-1-4 NMSA 1978. NMSA 1978 § 37-1-4 Legislative History; *see also* Apodaca v. Unknown Heirs, 98 N.M. 620, 622, 651 P.2d 1264, 1266 (1982). Section 37-1-4 is captioned "[a]ccounts and unwritten contracts; injuries to property; conversion; fraud; unspecified actions" and sets forth the same language as above.

In Altman v. Kilburn, 45 N.M. 453, 116 P.2d 812, 813 (1941), the New Mexico Supreme Court analyzed the question of whether § 83-104, a four year statute of limitations, "had run against

---

[7]I recognize that attorney general opinions are not binding on the court. State v. Cresswell, 1998 NMCA 72, 125 N.M. 276, 960 P.2d 813, 827 (Ct. App.), *cert. denied*, 125 N.M. 147, 958 P.2d 105 (1998). However, in view of New Mexico case law discussing the general applicability of § 37-1-4 and the fact that the New Mexico Attorney General addressed a very similar question, I find that the attorney general's opinion is persuasive authority on this question.

6

street paving certificate or bond obligations issued by the town of Clayton." Section 83-104 is an earlier version of § 37-1-4. NMSA 1978 § 37-1-4 Legislative History. In Altman, the defendant owners of the property had been in default in making payments to the city for nearly six years. The trial court entered a judgment of foreclosure against the defendants, and the defendants appealed, claiming that the statute of limitations barred the plaintiff's action. The plaintiff argued that the four year limitations period did not apply, essentially because the assessments imposed for local improvements in towns were taxes which "gave the status of perpetuity to the validity of such liens." Id. at 814. The Supreme Court reversed, holding that the four year statute of limitations barred the action because the assessments in questions were not taxes. Id. at 816, 818.

The importance of Altman to the question before this Court lies in the following analysis by the New Mexico Supreme Court:

> We would find no difficulty in holding that the four year statute of limitation, which includes 'all other actions not herein otherwise provided for', would cover an action of this character, provided other considerations to be hereinafter discussed are not controlling [namely, considerations regarding whether taxes were at issue]. As was said in the case of Knoxville v. Gervin, 169 Tenn. 532, 89 S.W.2d 348, 351, 103 A.L.R. 877: 'All other cases not expressly provided for' establishes a bar to all suits not specifically mentioned. . . .'

Id. at 814-15. Such is the case here. New Mexico law does not provide a specific time limitation for bringing an action to foreclose a lien. Thus, it is governed by the four year statute for "all other actions not herein otherwise provided for." *See also* Board of Education, School District 16, Artesia, Eddy County v. Standhardt, 80 N.M. 543, 550, 458 P.2d 795 (1969) ("it appears that the present rule in New Mexico is that the general statutes of limitations (as originally set out in Ch. V of the Session Laws of 1880 and that now appears as NMSA 1953 § 23-1-1 through § 23-1-9, [currently NMSA

7

1978 § 37-1-1 through § 37-1-29], with few amendments are applicable in all actions brought by or against bodies corporate or politic except when otherwise expressly declared.")

In a thoughtful and well reasoned opinion, the Bankruptcy Court concluded that the four year limitations period was applicable. This Court, too, concludes that the four year statute of limitations is applicable to the municipal liens at issue in this matter. Therefore, summary judgment was properly granted in favor of Redmond as a matter of law because it is undisputed that the claims at issue were not brought within four years of the liens. Indeed, it is undisputed by the City that it was "partly at fault" by not following up on the liens for approximately eight years. "However meritorious the claim, the court is powerless to render assistance where the claimant has failed to protect his own rights." Gentry v. Gentry, 59 N.M. 395, 400, 285 P.2d 503, 506 (1955).

In reaching this conclusion, I have considered each of the City's arguments but do not find that any of them can avoid the application of the four year statute of limitations. The City's first position is that the New Mexico Constitution Anti-Donation Clause prohibits the City from forgiving any debts owed to it. The City relies on two different provisions of the New Mexico Constitution: Article IX, Section 14 and Article IV, Section 32. Article IV, Section 32 does not support the City's position because it clearly states that a municipal corporation may release an obligation to it "by proper proceeding in court." The bankruptcy court's decision to grant summary judgment in favor of Redmond on grounds of a limitations bar is a "proper proceeding in court." See N.M. Att'y Gen. Op. 66-18 (1966) (public general hospital cannot forgive debt owed by patient except through proper court proceeding).

Moreover, the constitutional provisions relied on by the City and its related argument regarding improper "donations," "contributions" or "gifts" by municipalities simply have no bearing

on the failure to timely foreclose on a lien. For example, the intent of Article IV, Section 14 was to prevent outright "grants" or use of the city's credit and to act as a curb on specific ventures. N.M. Att'y Gen. Op. 6550 (1955-56). Release of a debt on statute of limitations grounds because one party failed to pursue its rights is not a "grant" or "donation."

The Court also rejects the City's argument that no limitation of actions applies to the City's enforcement of liens since Las Vegas is a Chartered Home Rule city and a political subdivision of the State of New Mexico. *See* discussion above regarding applicability of NMSA 1978 § 37-1-4 even though municipal lien statute does not specify limitations period. To the extent that the City is attempting to raise a sovereign immunity defense, such defense fails here because even if the City were entitled to be treated like a State, it waived immunity by filing a proof of claim. 11 U.S.C. § 106(b).

In addition, the Court disagrees that the City created a genuine issue of material fact with its attempt to characterize the liens or Dalton's unpaid bills as an "open account" so as to avoid or delay the running of the statute of limitations. The fact that the City charges property owners a minimum monthly fee for utility services does not meet the definition of an "open account." There is no record evidence that any account between the City and Dalton was "mutual" or that there was an "express or implied agreement of the parties" regarding a "connected series of debit and credit entries . . . ." *See* Gentry v. Gentry, 59 N.M. at 398, 285 P.2d at 505-06 (defining "open account"); Heron v. Gaylor, 46 N.M. 230, 126 P.2d 295, 297 (1942) (same). Separate and distinct transactions, like claims for sums of monies lent to a bankrupt at different times do not amount to a "running" or "open" account. Gentry, 59 N.M. at 399, 285 P.2d at 506 (internal citations omitted). Indeed, the City essentially concedes that there were separate and distinct transactions here. "***Even though each***

9

*lien was for the fixed amount owed at that time*, the accounts of the City continued to treat the account as an 'open account.'" [Doc. 6, at p. 19] (emphasis added.)

Finally, the Court rejects the City's argument that this Court should apply the equitable doctrine of "unclean hands" and thereby ignore the statute of limitations. While it may be true that Dalton will be enriched by not having to pay his bills, the Court cannot disregard an express statute of limitations in view of the City's own failure to follow up on the liens. "One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence." Baldwin Co. Welcome Ctr. v. Brown, 466 U.S. 147, 151, 104 S.Ct. 1723 (1984). Nor did the City establish with convincing record evidence that Dalton prevented the City from foreclosing on the liens. The City argued that it was difficult to identify which properties Dalton owned because Dalton did not record them properly with the County. In support of its argument, the City attached an affidavit from Gerald Garcia, the Zoning and Licensing Supervisor of Las Vegas, who stated that Dalton was "partially at fault" for the inability to identify his properties and that "at least on one occasion" Dalton failed to record the purchase and sale of a property. (Gerald Garcia Aff., Exhibit to City's Response to Motion for Summary Judgment). Such testimony falls far short of demonstrating that Dalton was trying to hide the identities of many of his properties from the City.

### *Conclusion*

This Court concludes that the City did not raise a genuine issue of material fact to defeat summary judgment in favor of Redmond, and that the United States Bankruptcy Court properly granted Redmond summary judgment on the claims related to services performed by the City on Dalton's properties before December 8, 1988.

### *Recommended Disposition*

That the United States Bankruptcy Court's June 12, 2001 decision granting Trustee Redmond partial summary judgment be affirmed.

                                                                            _____
                                                                            Lorenzo F. Garcia
                                                                            United States Magistrate Judge